MARY AGNES SCROGIN V. CINCINNATI (CITY).

NOTICE TO ANTICIPATE INJURY FROM LOOSE BOARD IN SIDEWALK NOT EFFECTED BY NOTICE OF SLIDING OF HILLSIDE.

That portions of a plank sidewalk had been in bad condition, due to the sliding of an adjacent hillside of which the municipality had notice, does not as matter of law, amount to notice of the defect (a loose board) causing injury to a pedestrian.

ERROR to common pleas court.

*Charles B. Wilby* and *Mitchell Wilby,* for plaintiff in error.

*Walter M. Schoenle,* for defendant in error.

## GIFFEN, P. J.

The plaintiff avers in her petition "that owing to the unstable and varying surface upon which said stringers are laid, caused by the constant sliding and washing of said hillside, the said plank walk has often been in bad condition and out of repair, owing particularly to the loosening of the planks from the stringers, the nails holding the cross pieces to the stringers being pulled out or broken off when the cross planks are trodden upon at either end, this resulting from the unevenness of the ground upon which the stringers rest"; that prior to March 9, 1907, the defendant had due notice of the bad condition of said sidewalk and failed to repair; that the plaintiff on that day trod upon one of the cross planks which was loose and turned, causing the injury complained of.

There is no averment that the particular plank became loose as a result of the sliding and washing of the hillside. It is just as consistent with the allegations of the petition to attribute the defect to the act of a third party of which the city had no notice.

The evidence also shows that the bad condition existing prior to March 9, 1907, was repaired in December, 1906; that the sliding of the hillside was not constant, that the ground upon which the stringers rested was level, and that the loosening of the cross-planks was not general. How then can it be said that the tendency of the hillside to slide and wash, and the general condition of the walk prior to March 9, 1907, were as matter of law notice to the defendant of the particular defect existing on that day and causing the injury to plaintiff?

It would be just as logical to hold that because the tendency of a plank walk is, from its very nature to become out of repair, the city by suffering it to exist is presumed to have notice of each defect as it arises. The prior condition of the walk was evidence from which the jury might infer constructive notice of the condition on March 9, and whether there was such

Scrogin v. Cincinnati.

notice was properly left to the jury. *Shelby* v. *Clagett*, 46 Ohio St. 549 [22 N. E. Rep. 407; 5 L. R. A. 606].

The charge upon this subject might and perhaps ought to have been more concrete, although we think, from the whole record, the jury were not misled.

The petition was framed apparently upon the theory that the city was bound at all hazards to keep its sidewalk free from nuisance, but it was required by law (Gen. Code 3714) to exercise only ordinary care. There was no error in the exclusion of testimony, nor do we find any error requiring a reversal of the judgment and it will therefore be affirmed.

**Smith** and **Swing, JJ.,** concur.